IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REGINALDO SARAGENA, | CIV. NO. 16-00322 BMK |
| Plaintiff, | |
| vs. | ORDER AFFIRMING FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Commissioner of Social Security | |
| Defendant. | |

ORDER AFFIRMING FINAL DECISION OF THE
COMMISSIONER OF SOCIAL SECURITY

Before the Court is an appeal from a final decision by the Commissioner of Social Security, which denied Plaintiff Reginaldo S. Saragena's ("Plaintiff") concurrent applications for a period of disability, disability insurance benefits, and supplemental security income benefits. For the reasons detailed below, the Court AFFIRMS the Commissioner's final decision.

BACKGROUND

On June 7, 2012, Plaintiff applied for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. (Complaint at 1.) Plaintiff also protectively filed an application for supplemental security income pursuant to Title XVI of the Social Security Act. (Id.) In his

applications, Plaintiff alleged he was disabled as of June 14, 2010, but later amended his disability date to January 2, 2013.  (AR at 11.)

Plaintiff's claims were initially denied on January 25, 2013.  (Id.)  He thereafter requested a hearing before an administrative law judge ("ALJ"), which took place on August 12, 2014.  (Id.)  On October 31, 2014, the ALJ issued a written opinion, concluding that Plaintiff was not disabled and denying his applications for social security benefits.  (Id. at 11-21.)  The ALJ concluded that Plaintiff had the following severe impairments:  "hypertension; chronic obstructive pulmonary disease (COPD), a history of left shoulder biceps tendon rupture and shoulder SLAP lesion; and degenerative disc disease of the lumbar spine."  (Id. at 13.)  The ALJ found that Plaintiff has the residual functional capacity to perform "light work" and that he could no longer perform any of his past relevant work as a construction worker, landscaper, or fish processor.  (Id. at 14, 19.)  However, based on Plaintiff's age (51 years old on the disability date), education (at least a high school education), work experience (as a construction worker, landscaper, and fish processor), and residual functional capacity (capacity to perform "light work"), the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform" – i.e., employment as a cashier, office helper, or parking attendant.  (Id. at 20-21.)  As a result, the ALJ determined

that Plaintiff is not disabled.

Plaintiff thereafter appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review on April 13, 2016.  (AR at 1.) Consequently, the ALJ's decision became the final decision of the Commissioner of Social Security.  (Id.)

On June 17, 2016, Plaintiff appealed the final agency decision to this Court, contending that the ALJ's finding that Plaintiff was not disabled was not supported by substantial evidence and was based upon incorrect legal standards.

## STANDARD OF REVIEW

A district court has jurisdiction pursuant to 42 U.S.C. § 405(g) to review final decisions of the Commissioner of Social Security.  A final decision by the Commissioner denying Social Security disability benefits will not be disturbed by the reviewing district court if it is free of legal error and supported by substantial evidence.  See 42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005).  "Substantial evidence means more than a scintilla but less than a preponderance."  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted).  It is also "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  Finally, "[w]here the evidence may reasonably support more than one interpretation, [the court] may not substitute [its]

judgment for that of the Commissioner." Verduzco, 188 F.3d at 1089.

## DISCUSSION

"To establish a claimant's eligibility for disability benefits under the Social Security Act, it must be shown that: (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy." 42 U.S.C. § 423(d)(2)(A); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). A claimant must satisfy both requirements in order to qualify as "disabled" under the Social Security Act. Tackett, 180 F.3d at 1098.

The Social Security regulations set forth a five-step sequential process for determining whether a claimant is disabled. Ukolov, 420 F.3d at 1003; see 20 C.F.R. § 404.1520. "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." Ukolov, 420 F.3d at 1003 (citations omitted in original). The claimant bears the burden of proof as to steps one through four, whereas the burden shifts to the Commissioner for step five. Tackett, 180 F.3d at 1098.

The five steps of the disability evaluation process are as follows:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (internal citations omitted).

Plaintiff agrees with the ALJ's findings as to steps one through four. (Opening Brief ("OB") at 5.) With respect to these steps, the ALJ found: (1) Plaintiff was not engaged in substantial gainful activity since the disability date of January 2, 2013; (2) Plaintiff has the following severe impairments: "hypertension;

chronic obstructive pulmonary disease (COPD), a history of left shoulder biceps tendon rupture and shoulder SLAP lesion; and degenerative disc disease of the lumbar spine"; (3) Plaintiff's impairments do not meet or medically equal any of the listed impairments in the regulations; and (4) Plaintiff has the residual functional capacity to perform "light work" and that he can no longer perform any of his past relevant work as a construction worker, landscaper, or fish processor.  (AR at 13-19.)  With respect to step five, based on Plaintiff's age (51 years old on the disability onset date), education (at least a high school education), prior work experience, and residual functional capacity to perform "light work", the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform" – i.e., employment as a cashier, office helper, or parking attendant.  (Id. at 20-21.)

        Plaintiff challenges the ALJ's finding that Plaintiff's subjective complaints were not entirely credible.  (OB at 12-15.)  Specifically, the ALJ based her credibility finding on the following determinations, which Plaintiff challenges: (1) the ALJ determined that Plaintiff was not receiving the kind of medical treatment that one would expect a person with severe back problems to receive and (2) the ALJ determined that Plaintiff's credibility was suspect because he did not experience muscle atrophy.  (Id. at 14.)

"In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005).  In determining credibility, "an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony."  Id.  The ALJ may also consider the claimant's daily activities, functional restrictions, and the treatments undertaken.  Id.; Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (noting the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms"); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (noting that conservative treatment suggested "a lower level of both pain and functional limitation").  "The ALJ must specify what testimony is not credible and identify the evidence that undermines the claimant's complaints."  Burch, 400 F.3d at 680.

Here, Plaintiff challenges the ALJ's findings that Plaintiff's allegations of symptoms were inconsistent with the conservative treatment undertaken and that Plaintiff did not suffer from muscle atrophy, which is a common side effect of prolonged or chronic pain.  The ALJ based these findings on the medical evidence

in the record, noting that Plaintiff "has not generally received the type of medical treatment one would expect for a totally disabled individual." (AR at 15.) For example, the ALJ referred to Plaintiff's medical record in noting Plaintiff's "infrequent trips to a doctor for the allegedly disabling symptoms," that any treatment has been "routine and conservative in nature, primarily in the form of medications," and the "lack of more aggressive treatment, such as surgical intervention." (Id.) The ALJ explained that "the credibility of claimant's allegations regarding the severity of his symptoms and limitations is diminished because those allegations are greater than expected in light of the objective evidence of record." (Id.) Regarding muscle atrophy, the ALJ referred to Plaintiff's medical records in noting that there "is no evidence of atrophy in the claimant's lumbar spine, left upper extremity, or lower extremities." (Id.) Although the ALJ believed that Plaintiff suffered some degree of pain, the lack of muscle atrophy indicated "the pain has not altered his use of those muscles to an extent that has resulted in atrophy." (Id. at 16.)

The Court notes that, in concluding that Plaintiff's subjective complaints of pain were "less than fully credible," the ALJ relied in detail on Plaintiff's medical record and opinions by government doctors as well as Plaintiff's treating physician. (AR at 15-17.) The ALJ did not reject Plaintiff's subjective

complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain, but also considered the treatment that Plaintiff had undertaken, as well as his daily activities and functional restrictions as outlined in the record.  Burch, 400 F.3d at 680; Molina, 674 F.3d at 1112 (daily activities); Johnson, 60 F.3d at 1434 (conservative treatment).   After thoroughly reviewing the record, this Court is satisfied that the ALJ's decision is supported by substantial evidence and is free of legal error.  See 42 U.S.C. § 405(g); Ukolov, 420 F.3d at 1004.  Accordingly, this Court "may not substitute [its] judgment for that of the Commissioner" and affirms the ALJ's decision to deny Plaintiff's applications for social security benefits.  See Verduzco, 188 F.3d at 1089.

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner of Social Security's denial of Plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income benefits.  The Clerk of Court is directed to enter judgment in the Commissioner's favor and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 10, 2017.

/s/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Reginaldo Saragena v. Carolyn W. Colvin, CIV. NO. 16-00322 BMK, ORDER AFFIRMING FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY.

10